IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC THOMAS WRHEL,

            Plaintiff,

v.

UNITED STATES OF AMERICA/DOJ,

            Defendants.

OPINION & ORDER

15-cv-271-jdp

---

Plaintiff Eric Thomas Wrhel has filed a complaint naming the United States and the U.S. Department of Justice as defendants. Plaintiff states that this case is related to case no. 15-cv-39-jdp, in which plaintiff is suing the Internal Revenue Service for fraud and harassment regarding tax assessments. In that case, the parties are briefing the IRS's motion to dismiss the case. In support of his new complaint, plaintiff attaches his response to the government's motion to dismiss in case no. 15-cv-39-jdp, but he does not include any allegations suggesting why he has brought a second case against the Department of Justice.

Although plaintiff has paid the full filing fee for this action and the complaint does not have to be screened under the *in forma pauperis* statue, 28 U.S.C. § 1915, this court has the inherent authority to screen and dismiss the case *sua sponte*.[1] *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir.1999)

---

[1] The government has filed a motion to dismiss the case, to which plaintiff has not yet responded. Because I am dismissing the case *sua sponte* I need not consider this motion.

("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

Plaintiff does not explain what the DOJ has done to violate his rights other than to represent the IRS in the first lawsuit, which is insufficient to state a claim for relief against the DOJ. Nor can I conceive of any possible claim that plaintiff might be able to include in an amended complaint given the information plaintiff has provided. Plaintiff's real concern is how he has been treated by the IRS, but that concern is already being litigated in the first lawsuit. I will dismiss this case for plaintiff's failure to state a claim upon which relief may be granted.

I will rule on the government's motion to dismiss case no. 15-cv-39-jdp after briefing is completed on that motion.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice for plaintiff's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment for defendants and close this case.

Entered June 2, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge